[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CLARIFICATION (NO. 104.00)
The court has reviewed its restraining order a copy of which is attached hereto. The court finds that its order is clear and that it needs no clarification. The court notes, however, that the conduct referred to in the request for articulation, dated February 16, 1993 and filed March 1, 1993 by Mr. Clark, spells out in paragraph 1 conduct that the court expressly intended to be included in the no contact order which language was, "neither party shall write, telephone, or speak to the other party. CT Page 2682
The court notes that the contact referred to in paragraph 3 of said Request for Articulation was contact that was intended to be included in the no contact order. The respondent has written it as thought it should be excluded. The court intended the following to be included in its no contact order, "inadvertent physical contact, such as unintentionally brushing against or jostling the other party in a public or group situation (e.g. in an elevator or at a social reception) shall be deemed "contact" for the purpose of this court. The court has determined that while Black's Legal Dictionary may not be helpful to the respondent or the applicant, the court stands by its "common parlance" definition of the word contact. The court has reviewed Webster's Ninth New Collegiate Dictionary, Copyright 1983, and recommends it to the parties to assist them if they need further guidance.
EDWARD R. KARAZIN, JR., JUDGE
[EDITORS' NOTE: THE FORM IS ELECTRONICALLY NON-TRANSFERRABLE.]